IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MICHAEL STRICKLAND, | ) |
| Petitioner, | ) ) ) ) |
| vs. | ) Civil Case No. 20-0352-CG ) ) Criminal Case No. 15-0239-CG-MU |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner James Michael Strickland (hereinafter "Strickland"), a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated July 6, 2020 challenging the judgment entered against him in the above-captioned criminal action. (Doc. 73). The Court ordered Strickland to file an amended version of his § 2255 motion on the Court's form by August 13, 2020 (Doc. 75), and Strickland timely complied (Doc. 76). The United States of America (hereinafter "the Government") filed a timely response in opposition to Strickland's § 2255 motion. (Doc. 80). Strickland did not file a reply to the Government's response. For the reasons set forth herein, Strickland's § 2255 motion is due to be denied.

**I. Background**

On October 29, 2015, the grand jury for this district returned an indictment against Strickland, charging him with one count of possessing a firearm after

1

having been convicted of a felony in violation of 18 U.S.C. 922(g)(1). (Doc. 1). On January 12, 2016, Strickland proceeded to trial by jury and was found guilty and convicted of the offense. (Doc. 36). On April 26, 2016, Strickland was sentenced to 96 months of imprisonment. (Doc. 50).

On May 9, 2016, Strickland filed a Notice of Appeal of his sentence (Doc. 54). On appeal, Strickland argued *inter alia* that the Government did not present sufficient evidence at trial, and thus, the district court erred in denying his motion for acquittal. (Doc. 70 at 2). On March 13, 2017, the Eleventh Circuit Court of Appeals concluded that the evidence at trial was sufficient to convict Strickland and affirmed his conviction. *Id.* at 4. Strickland did not seek a writ of certiorari with the Supreme Court of the United States. He timely filed the instant § 2255 motion in August 2020. (*See* Doc. 76).

**II. Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215-16 (11th Cir. 2014). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted", especially when the defendant "has had a fair opportunity to present his federal claims to a federal forum." *U.S. v. Frady*, 456 U.S. 152, 164 (1982). Furthermore, "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. U.S.*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Accordingly,

"the general rules have developed that: (1) a defendant must assert all available claims on direct appeal; and (2) [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result is a complete miscarriage of justice." *Id.* at 1232-33 (internal citations, quotations, and footnote omitted).

Thus, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing where the petitioner alleges only "'conclusory allegations unsupported by specifics' or 'contentions that in the face of the records are wholly incredible.'" *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based on unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.") (citing *U.S. v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979)). Yet, the court is aware that *pro se* filings are held to "less stringent standards than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519, 596 (1972); *Winthrop-Redin v. U.S.*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("We liberally construe *pro se* filings, including *pro se* applications for

relief pursuant to § 2255) (citations omitted); *Tamayos-Ramos v. U.S.*, 214 Fed.Appx. 894, 895-96 (11th Cir. Jan. 18, 2007) (affirming dismissal of *pro se* petitioner's § 2255 motion "even construing [petitioner's] brief liberally").

### III. Analysis

Strickland's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserts that his conviction under 18 U.S.C. 922(g)(1) should be voided in light of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ___ , 139 S. Ct. 2191 (June 21, 2019). (*See* Doc. 76). The Government's sole argument in response is that Strickland's § 2255 motion should be dismissed as untimely. (*See* Doc. 80). For the foregoing reasons, Strickland's motion is due to be denied.

### a. *Rehaif* and Subsequent Motions brought under 28 U.S.C. § 2255

In *Rehaif v. United States*, 588 U.S. ___ , 139 S. Ct. 2191 (June 21, 2019), the Supreme Court held that, for prosecutions pursuant to 18 U.S.C. 922(g)(1), the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Strickland argues that, in light of *Rehaif*, his conviction is invalid because: (1) his indictment "failed to allege his or her knowledge of the relevant prohibited status"; (2) the Government failed to present evidence at trial proving that petitioner "knew of his or her prohibited status at the time he or she possessed the firearm"; and (3) the court violated his Sixth Amendment right "to have a complete verdict on every element of the offense by failing to instruct the jury on the knowledge status element of 922(g)". (Doc. 76 at pp. 4-7).

However, the Eleventh Circuit has specifically stated, "*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2). Further, the Supreme Court did not make *Rehaif* retroactive to cases on collateral review." *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) (citing *In re Palacios*, 931 F. 3d 1314, 1315 (11th Cir. 2019)). Moreover, at the time of Strickland's conviction and sentencing, the law in the Eleventh Circuit was that a defendant need not know of his felony status in order to be convicted of knowingly possessing a firearm. *See United States v. Jackson*, 120 F.3d 1226 (11th Cir. 1997) (abrogation recognized by *United States v. Roosevelt Coats*, 8 F.4th 1228 (11th Cir. 2021)). Thus, Strickland's arguments pertaining to *Rehaif* are without merit.

### b. Statute of Limitations for Motions brought under 28 U.S.C. § 2255

Strickland asserts that his § 2255 motion is timely because *Rehaif* is "a new case law". (Doc. 76 at p. 12). The Government argues in opposition that the motion should be dismissed as untimely.

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

5

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> 28 U.S.C. § 2255(f).

It is evident from Strickland's motion and the record that only two of the above-listed provisions are applicable in regard to the timeliness of his motion: 28 U.S.C. § 2255(f)(1) and 28 U.S.C. § 2255(f)(3).

First and foremost, under 28 U.S.C. § 2255(f)(1), Strickland did not timely file his motion within one-year of the judgment of conviction becoming final. A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally decided." *United States v. Smith*, 967 F.3d 1196, 1212 (11th Cir. 2020) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). In Strickland's case, his conviction became final "upon the expiration of the 90-day period for seeking certiorari". *Kaufmann v. U.S.*, 282 F.3d 1336, 1338 (11th Cir. 2002); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). As previously discussed, the Eleventh Circuit affirmed Strickland's conviction in March of 2017. By the time Strickland filed his § 2255 motion, well over three years had passed since the Eleventh Circuit's decision—and the 90-day period for seeking certiorari of that decision. As such, Strickland failed to timely file his motion in accordance with 28 U.S.C. § 2255(f)(1).

Similarly, Strickland has not shown that his motion was timely filed under 28 U.S.C. § 2255(f)(3). As discussed *supra*, the Eleventh Circuit has concluded that the Supreme Court did not make *Rehaif* retroactive to cases on collateral review. Moreover, even if the Supreme Court had found that *Rehaif* was a newly recognized constitutional right that was retroactively applicable to cases on collateral review, Strickland's motion would still be untimely because it was filed over one-year from the date the Supreme Court issued the *Rehaif* decision.[1]

## IV. Conclusion

For the foregoing reasons, Petitioner James Michael Strickland's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 76) is **DENIED**.

**DONE** and **ORDERED** this 27th day of September, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court is not persuaded that equitable tolling is warranted as Strickland has not demonstrated the existence of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *See Jones v. U.S.*, 304 F.3d 1035, 1039-40 (11th Cir. 2002) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).